# D. W. TOMLINSON, RESPONDENT, *v.* C. G. MILLER, APPELLANT.

*Statute of Frauds—Performance of void Contracts—Obligations—Evidence.*

A contract which by its terms is void by the Statute of Frauds, if performed by a party who might have availed himself of the statute, imposes upon all the parties the same obligation as though the same had been legal and binding upon all parties.

A parol agreement,—by which fifteen hundred shares of stock were to have been transferred for a certain consideration to a party, who was to take five hundred for himself, and one thousand for another party,—though void under the statute, yet when the consideration has been paid and the stock has been transferred, the party receiving the stock for the other party cannot set up the statute as an excuse for not delivering the stock under such agreement.

*J. Garison* for Respondent.
*Denio and Lanning* for Appellant.

GROVER, J.—The first question to be determined is, whether the contract upon which this action is founded is void by the Statute of Frauds.

The contract was verbal, as claimed by the Plaintiff, and *as found* by the jury in determining the issues tried, and by the Court upon hearing, at Special Term, after verdict; and it was that the Plaintiff and Defendant should purchase of Patchin fifteen hundred shares of the Buffalo, &c., Railroad stock, for which they were to pay him fifteen thousand dollars of first mortgage bonds, and that the Plaintiff should take five hundred of said shares, and the Defendant one thousand.

That the Defendant should advance and pay to Patchin the five thousand dollars of bonds on account of the Plaintiff, who should repay thereafter said bonds to the Defendant. That in pursuance of said agreement the Defendant did, in a short time thereafter, deliver the bonds to Patchin, and received from him, in his own name, a transfer of the fifteen hundred shares of stock. The contract between these parties and Patchin, for the purchase from him of the fifteen hundred shares, was within the Statute of

Frauds, and void (2 R. S. 317, § 3). This requires no argument. Had Patchin refused to perform the contract made with him, no action could have been maintained thereon by these parties against him for the breach. But Patchin, as appears from the facts found, did not refuse to perform, but did, in pursuance of the contract, transfer these shares to the Defendant. Whether the Defendant can retain the five hundred shares that the Plaintiff was to have, and shield himself under the Statute of Frauds, is quite another question. As to these latter, the Defendant was to act as the agent of the Plaintiff, and it was his duty to have taken the transfer of the five hundred shares in the name of the Plaintiff, so as to have invested him with the title thereto. In Ryan *v.* Dox (34 N. Y. 307), this Court held that where one agreed to purchase real estate for another upon a mortgage foreclosure sale, and in violation of such agreement made the purchase and took the title in his own name, he became a trustee for his principal, and that equity would compel him to transfer the title to the latter, upon performance of the terms of purchase.

This case does not require the Court to go to the full extent of Ryan *v.* Dox, in holding the Defendant bound to perform the contract with the Plaintiff.

In that case no bargain had been made for the purpose, at the time of the agreement between the parties, and it was not certain that any such would be made, as others were at liberty to compete for the purchase by bidding at the sale. In the present case the agreement for the purchase of the stock from Patchin by these parties was made. It is true that the bargain was not binding, but, when performed by Patchin, the effect upon the rights of these parties was the same as though it had been originally valid. The parties upon such performance by Patchin became entitled to their respective shares of stock, agreed to be sold by him to them, just as clearly as they would have been had the agreement with Patchin been reduced to writing, as required by the statute.

Had the agreement for the purchase of the stock from Patchin been originally valid, no one would have claimed that the Defendant could have held the Plaintiff's portion of the stock be-

cause the whole was transferred to him. The statute makes void oral contracts for the sale of goods, chattels, things in action, for the price of fifty dollars and more.

The Plaintiff made no agreement with the Defendant to buy stock from him. The Plaintiff and Defendant agreed to buy of Patchin fifteen hundred shares—the Plaintiff five hundred, and the Defendant one thousand.

Patchin was the vendor of the entire amount to both. The Plaintiff did not agree to buy of the Defendant, nor did the Defendant agree to sell to the Plaintiff any stock.

Patchin was the vendor of both the parties to this action, and the Defendant having taken in his own name the shares agreed to be sold to and purchased by the Plaintiff, it is clear that, upon the principle of Ryan *v.* Dox, he took them as trustee of the Plaintiff, and that the Statute of Frauds is no obstacle in the way of a recovery. The Defendant's counsel insists that this action is for a specific performance of the contract between the parties, and that the delay of the Plaintiff in demanding such performance was so great that a Court of Equity will refuse to enforce such performance.

The delay was more than a year. There is no excuse for the delay shown that the Court in such a case would deem sufficient. In such cases the party must, as claimed by the counsel, show himself ready, prompt, and eager, and must suffer no unreasonable delay.

But this is not a case of specific performance. The Defendant is trustee for the Plaintiff of the stock. The action is brought to enforce this trust, and lapse of time short of the Statute of Limitations is not a defence to the action. The Court have a discretion in this class of cases to exercise in reference to any delay or other circumstances.

The trust being established, it is the duty of the Court to enforce it. The Defendant's counsel also insists that the Defendant did not receive the stock under the contract claimed by the Plaintiff.

That Patchin refused to transfer any stock to the Defendant,

unless the latter would promise not to let the Plaintiff have any of it, and that the transfer was made pursuant to a new agreement. It is a sufficient answer to this position that the fact is found directly contrary to the counsel's position.

It is claimed that such finding is erroneous, because the uncontradicted testimony of the Defendant shows the fact to have been as claimed by counsel.

The answer to this is, that the credibility of the Defendant was a fair question for the determination of the Court.

He testified upon the principal questions of fact in the case, in direct conflict with the testimony of the Plaintiff and other witnesses, and with the finding of the Court thereon. It was no error in law not to give credit to his testimony, under these circumstances, upon the point in question. The only remaining question is, whether the letter of Patchin to the Plaintiff, written directly after the transfer of the stock to the Defendant, was competent evidence. This letter tended to prove the contract as claimed by the Plaintiff. It was not a part of the res gesta.

The bargain had been completely executed, so far as Patchin was concerned, when the letter was written. It was nothing more than the declaration of Patchin, and was not admissible. It was read in evidence upon the trial of the issues before the jury, and also upon the hearing before the Court. It was properly excepted to by the Defendant's counsel upon both occasions. Although this letter was improperly received in evidence, upon the trial of the issues before the jury, it does not follow that the verdict will be set aside. The question of setting aside verdicts upon issues ordered by Courts of Equity is not determined by the rules governing the granting of new trials in actions at law.

If upon examining the entire case the verdict accords with substantial justice, and satisfies the conscience of the Court, it will not be disturbed, although improper evidence was received. (Lansing *v.* Russell, 2 Com. 563 ; Forrest *v.* Forrest, 25 N. Y. 501.)

But the same rule does not apply to a trial before the Court.

If upon such trial illegal evidence is received, that may have prejudiced the party appealing, a new trial must be awarded,

although the case is an equitable one. In such case it is impossible to determine what the decision upon the legal evidence only would have been.

The judgment should be reversed, and a new trial ordered, costs to abide event.

Judgment reversed, solely on the ground of the erroneous ruling of the Judge in admitting the letter in evidence—the other question discussed not being decided.

All the Judges concurred in opinion that the letter of Patchin to the Plaintiff was erroneously admitted. Four of the seven members of the Court who participated in the decision did not concur in the views expressed by Judge Grover on the other questions discussed in the opinion; and the Court accordingly declined to pass upon those questions.

Judgment reversed.

JOEL TIFFANY,
State Reporter.
